09-CV-01769-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PLAY VISIONS, INC., a Washington corporation<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE, INC., a Virginia corporation<br><br>Defendant. | Civil Action No. C09-1769 MJP<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT, PATENT INFRINGEMENT, FEDERAL AND STATE UNFAIR COMPETITION, UNLAWFUL IMPORTATION, TRADEMARK INFRINGEMENT AND VIOLATION OF THE LANHAM ACT<br><br>JURY TRIAL REQUESTED |

Plaintiff Play Visions, Inc. ("Play Visions") hereby alleges the following causes of action against Defendant Dollar Tree, Inc. ("Dollar Tree").

## I. PARTIES

1. Play Visions is a corporation organized and existing under the laws of the state of Washington, having its principal place of business at 19180 144th Avenue NE, Woodinville, Washington.

2. Upon information and belief, Defendant, Dollar Tree, Inc. ("Dollar Tree"), is a Virginia corporation with its principal place of business at Chesapeake, Virginia. Dollar Tree operates several stores in King County, Washington.

COMPLAINT - 1
PLVN-6-1001P01CMP



ORIGINAL

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, particularly including 35 U.S.C. § 271 and § 281. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a); under the copyright laws of the United States, 17 U.S.C. § 501 et seq. Jurisdiction is conferred upon this Court pursuant to 17 U.S.C. § 501(a) and 28 U.S.C. § 1331; the federal unfair competition laws of the United States, 15 U.S.C. § 1125(a) [Lanham Act § 43(a)]; and under the Washington State Consumer Protection Act R.C.W. 19.86.020, et seq. Thus, this Court has jurisdiction of this civil action under 28 U.S.C. §§ 1338(a) and 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 1400(a) because the Defendants conduct business within this judicial district, and they or their agents or affiliates can be found in this judicial district. Acts giving rise to this complaint occurred within this judicial district.

## III. FACTS COMMON TO ALL COUNTS

5. Play Visions is a manufacturer and wholesale distributor of impulse novelty toy products. Impulse novelty toys are generally single piece physical items susceptible to mass manufacture.

6. Play Visions has since at least as early as 1990 made, sold and transported in interstate commerce, and throughout the State of Washington, impulse or novelty toys. Play Vision's retailers for these products include Wal-Mart, Target, Toys R Us, Walgreens, Fred Meyer, Rain Forest Café, Cost Plus World Market, Inc., Borders Bookstores, Walt Disney World, Sea World, San Diego Zoo, Monterey Bay Aquarium, The National Aquarium, and many other retailers around the nation. Play Visions' products are also available online through "www.playvisions.com" and additionally, through "www.amazon.com" as well as other national and regional retailers.

COMPLAINT - 2

PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

7. Play Visions' toys have been recognized as leaders in the Novelty Toy market, including recognition by the trade magazine for the toy, hobby, game and gift industry; toys such as the "Inside Out Ball" have received recognition throughout the country. TDmonthly listed the "Inside Out Ball" in 2007 as one of the ten "Most Wanted Novelty Toys." Most specifically, in the area of forming toys, such as the accused devices, from thermoplastic rubber (TPR) resin, Play Vision has gained the reputation as the world leader. The motto of Play Visions is "Innovation not Imitation."

### IV. PLAY VISIONS' UTILITY PATENT RIGHTS

8. On December 15, 1998, Scott Stillinger was awarded United States Patent No. 5,848,946 (the "'946 Patent"), entitled "Filled, Deformable Bladder Amusement Device With Infinitely Changeable Pliability And Tactility Characteristics," granting Stillinger patent rights on "an engageable, manipulable, infinitely configurable deformation structure including a fluid-impervious bladder-like structure, and a composite filler mixture in the form of plural independent particles thinly coated with a liquid lubricant disposed in a sealed condition within the bladder-like structure." Play Visions is the exclusive licensee of all of the '946 Patent rights including the sole right to bring an infringement action in Play Visions' own name.

9. On January 23, 2007, Mark Chernick and Webb T. Nelson were awarded United States Patent No. 7,165,869 (the "'869 Patent"), entitled "Internally Illuminated Elastomeric Novelty Device With External Projections," granting Chernick and Nelson patent rights on "an internally illuminated novelty device having an electronics module contained within a translucent elastic casing." Play Visions is the exclusive assignee of all of the '869 Patent rights including the sole right to bring an infringement action in Play Visions' own name.

10. On May 29, 2007, Mark Chernick, Webb T. Nelson, Dustin S. Chernick, Adam J. Chernick, and Martin L. Nelson were awarded United States Patent No. 7,223,150 (the "'150 Patent"), entitled "Illuminated Elastomeric Flying Disc And Its Method Of Manufacture," granting Chernick and Nelson patent rights on "an internally illuminated toy having a flexible

COMPLAINT - 3

PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

body that is made from an elastomeric gel." Play Visions is the exclusive assignee of all of the '150 Patent rights including the sole right to bring an infringement action in Play Visions' own name.

### V. PLAY VISIONS' DESIGN PATENT RIGHTS

11. On January 17, 2007, Mark Chernick and Webb T. Nelson were awarded United States Patent No. D 535,341 (the "'341 Design Patent"), entitled "Elastomeric Tentacle Ball," granting Chernick and Nelson patent rights on an "ornamental design for an elastomeric tentacle ball." Play Visions is the exclusive assignee of all of the '341 Design Patent rights including the sole right to bring an infringement action in Play Visions' own name.

12. On September 18, 2007, Mark Chernick and Webb T. Nelson were awarded United States Patent No. D 551,307 (the "'307 Design Patent"), entitled "Elastomeric Novelty Ball With Protrusions," granting Chernick and Nelson patent rights on an "ornamental design for an elastomeric novelty ball with protrusions." Play Visions is the exclusive assignee of all of the '307 Design Patent rights including the sole right to bring an infringement action in Play Visions' own name.

13. On March 4, 2008, Mark Chernick and Webb T. Nelson were awarded United States Patent No. D 563,493 (the "'493 Design Patent"), entitled "Elastomeric Ball Having Protrusions Of Stacked Spheres," granting Chernick and Nelson patent rights on an "ornamental design for an elastomeric ball having protrusions of stacked spheres." Play Visions is the exclusive assignee of all of the '493 Design Patent rights including the sole right to bring an infringement action in Play Visions' own name.

### VI.   PLAY VISIONS' COPYRIGHT

14. Play Visions developed or caused to be developed under its direction or control a unique and original centipede sculpture ("Elastomeric Centipede" sculpture).

COMPLAINT - 4

PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

15. Play Visions' "Elastomeric Centipede" sculpture embodies certain idealistic characteristics of a centipede along with stylized accents to emphasize the item's aesthetic appeal, forming a truly unique work of art.

16. Play Visions' "Elastomeric Centipede" sculpture is also a widely successful novelty item, well-known throughout the United States and internationally.

17. On the Effective Date of October 29, 2007, Play Visions was awarded a registration for a Visual Material Copyright No. VAu 958-361, entitled "Elastomeric Centipede."

### VII. Play Visions' Identity in the Marketplace

18. Play Visions' "Elastomeric Centipede" sculpture is primarily non-functional and visually distinctive, is prominently displayed to Play Visions' customers and to the purchasing public through advertising and its presence on the Play Visions web site, and is recognized by Play Visions' customers as an indicator of source. Play Visions' use of the "Elastomeric Centipede" sculpture design has been exclusive and continuous and has resulted in that product configuration having acquired a secondary source-indicating significance with Play Visions' customers. Play Visions has extensively advertised the "Elastomeric Centipede" sculpture product configuration to its customers and has sold the Elastomeric Centipede in around the nation including through the Wal-Mart chain of stores.

19. Play Visions has sold at least one product through channels of commerce having an ornamental design for an elastomeric tentacle ball; the design is primarily non-functional and visually distinctive, is prominently displayed to Play Visions' customers and to the purchasing public through advertising and its presence on the Play Visions web site, and is recognized by Play Visions' customers as an indicator of source. Play Visions' use of the ornamental design for an elastomeric tentacle ball has been exclusive and continuous and has resulted in that product configuration having acquired a secondary source-indicating significance with Play Visions' customers. Play Visions has extensively advertised the ornamental design for an elastomeric tentacle ball product configuration to its customers.

COMPLAINT - 5
PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

20. Play Visions has sold at least one product through channels of commerce having an ornamental design for ornamental design for an elastomeric novelty ball with protrusions; the design is primarily non-functional and visually distinctive, is prominently displayed to Play Visions' customers and to the purchasing public through advertising and its presence on the Play Visions web site, and is recognized by Play Visions' customers as an indicator of source. Play Visions' use of the ornamental design for an elastomeric novelty ball with protrusions has been exclusive and continuous and has resulted in that product configuration having acquired a secondary source-indicating significance with Play Visions' customers. Play Visions has extensively advertised the ornamental design for an elastomeric novelty ball with protrusions product configuration to its customers.

21. Play Visions has sold at least one product through channels of commerce having an ornamental design for ornamental design for an elastomeric ball having protrusions of stacked spheres; the design is primarily non-functional and visually distinctive, is prominently displayed to Play Visions' customers and to the purchasing public through advertising and its presence on the Play Visions web site, and is recognized by Play Visions' customers as an indicator of source. Play Visions' use of the ornamental design for an elastomeric ball having protrusions of stacked spheres has been exclusive and continuous and has resulted in that product configuration having acquired a secondary source-indicating significance with Play Visions' customers. Play Visions has extensively advertised the ornamental design for an elastomeric ball having protrusions of stacked spheres product configuration to its customers.

### VIII. PLAY VISIONS' TRADEMARK

22. On March 22, 2005, Play Visions filed the word mark "Urchin Ball" for registration as a trademark on the Primary Registry of the United States Patent and Trademark Office in the category of "Goods & Services: Novelty Ball Having Elastomeric Protrusions". The mark has been used continuously in commerce since January 15, 2004. On March 21, 2006, the Office granted registration with registration number 3,070,851 after Play Visions disclaimed the

COMPLAINT - 6

PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1  exclusive use of the word "ball" apart from "Urchin Ball". The registration has been
2  continuously maintained as a live mark since its registration.



3   23.   On July 27, 2006, Play Visions filed the design mark as pictured for registration as a trademark on the Primary Registry of the United States Patent and Trademark Office in the category of "Goods & Services: Plush Toys and Toy Figures". The mark has been used continuously in commerce since July 27, 2006. On March 21, 2006, the Office granted registration with registration number 3,263,359. The registration has been continuously maintained as a live mark since its registration.

### IX. DOLLAR TREE'S INFRINGING ACTS-ACCUSATION OF DEVICES

24.   Headquartered in Chesapeake, Virginia, Defendant Dollar Tree is the largest and most successful operator of discount variety stores selling everything for $1 or less, operating thousands of stores in all 48 contiguous states (operated 3,803 stores in 48 states as of October 31, 2009, with total retail selling square footage of 32.3 million and net sales in 2008 of 4.64 billion dollars) and nine distribution centers. Novelty or impulse toys constitute a significant portion of the annual sales by Dollar Tree.

25.   Upon information and belief, during the life of the relevant patents, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Flashing Urchin Ball having a SKU 858447, the Flashing Urchin Ball infringing the '869 Patent and the '341 Design Patent, and the trademarks having registration number 3,070,851 and registration number 3,263,359. Upon further information and belief, Dollar Tree has, without authority, imported, made, used, offered to sell, or sold at least 1,020,432 devices that infringe the '869 Patent and the '341 Design Patent and the trademarks having registration number 3,070,851 and registration number 3,263,359.

26.   Upon information and belief, during the life of the relevant patents, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Basket Stuffer

COMPLAINT - 7
PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Light Up UFO having a SKU 937141, the Basket Stuffer Light Up UFO infringing the '150 Patent and the '869 Patent. Upon further information and belief, Dollar Tree has, without authority, imported, made, used, offered to sell, or sold at least 247,968 devices that infringe the '150 Patent and the '869 Patent.

27. Upon information and belief, during the life of the relevant patents, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Stretchy Light Up UFO having a SKU 874036, the Stretchy Light Up UFO infringing the '150 Patent and the '869 Patent. Upon further information and belief, Dollar Tree has, without authority, imported, made, used, offered to sell, or sold at least 201,888 devices that infringe the '150 Patent and the '869 Patent.

28. Upon information and belief, during the life of the relevant design patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Tentacool Ball having a Dollar Tree Inventory No. 975234 812 and a UPC code of 6 39277 53988 5, the Tentacool Ball infringing the '493 Design Patent, and the trademark having registration number 3,263,359.

29. Upon information and belief, during the life of the copyright, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Centipede having a Dollar Tree Inventory No. 941143 812 and a UPC code of 6 39277 41143 3, the Centipede infringing the copyright VAu 958-361.

30. Upon information and belief, during the life of the relevant patents, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Flashing Bead Ball having a Dollar Tree Inventory No. 938931 711 and a UPC code of 6 39012 03080 6, the Flashing Bead Ball infringing the '946 Patent and the '869 Patent.

31. Upon information and belief, during the life of the relevant patents, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Flashing Bug Out
COMPLAINT - 8

PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Ball having a Dollar Tree Inventory No. 939196 711 and a UPC code of 6 39012 37020 9, the Flashing Bug Out Ball infringing the '946 Patent and the '869 Patent.

32. Upon information and belief, during the life of the relevant patents, Dollar Tree has imported, made, offered to sell or sold to consumers, a first version of a product known as a Flashing Worm Ball having a Dollar Tree Inventory No. 874038 710 and a UPC code of 6 39277 74038 0, the Flashing Worm Ball infringing the '946 Patent and the '869 Patent.

33. Upon information and belief, during the life of the relevant patents, Dollar Tree has imported, made, offered to sell or sold to consumers, a second version of a product known as a Flashing Worm Ball having a Dollar Tree Inventory No. 874038 610 and a UPC code of 6 39277 74038 0, the Flashing Worm Ball infringing the '946 Patent and the '869 Patent.

34. Upon information and belief, during the life of the patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a first version of a product known as a Stress Ball having a Dollar Tree Inventory No. 925026 77 and a UPC code of 6 39277 25026 1, the Stress Ball infringing the '946 Patent.

35. Upon information and belief, during the life of the relevant patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a second version of a product known as a Stress Ball having a Dollar Tree Inventory No. 925034 79 and a UPC code of 6 39277 25034 6, the Stress Ball infringing the '946 Patent.

36. Upon information and belief, during the life of the relevant patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Brainhead Ball having a Dollar Tree Inventory No. 20012 02 0908A 986744 98 and a UPC code of 6 39277 86744 5, the Brainhead Ball infringing the '946 Patent.

37. Upon information and belief, during the life of the relevant design patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Mini Urchin Ball, the Mini Urchin Ball infringing the '341 Design Patent and the trademarks having registration number 3,070,851 and registration number 3,263,359.

COMPLAINT - 9
PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

38. Upon information and belief, during the life of the relevant design patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Lightning Sun Ball having a Dollar Tree Inventory No. 925008 99 and a UPC code of 6 39277 25008 7, the Lightning Sun Ball infringing the '307 Design Patent.

39. Upon information and belief, during the life of the relevant patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Creepy Classics Squeeze Skull having a Dollar Tree Inventory No. 925019 86 and UPC code of 6 39277 25019 3, the Creepy Classics Squeeze Skull infringing the '946 Patent.

40. Upon information and belief, during the life of the relevant patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Squeeze Helmet, the Squeeze Helmet infringing the '946 Patent.

41. Upon information and belief, during the life of the relevant patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Flashing Puffer Ball having a Dollar Tree Inventory No. 925025 811 and a UPC code of 6 39277 25025 4, the Flashing Puffer Ball infringing the '341 Design Patent and the trademark having registration number 3,263,359.

42. Upon information and belief, during the life of the relevant patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Puffer Ball Glow in the Dark having a Dollar Tree Inventory No. 986737 98 and a UPC code of 6 39277 86737 7, the Puffer Ball Glow in the Dark infringing the '341 Design Patent and the trademark having registration number 3,263,359.

43. Upon information and belief, during the life of the relevant patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a 2 Tone White Puffer Ball Glow in the Dark having a Dollar Tree Inventory No. 986738 96 and a UPC code of 6 39277 86738 4, the Puffer Ball Glow in the Dark infringing the '341 Design Patent and the trademark having registration number 3,263,359.

COMPLAINT - 10

PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

44. Upon information and belief, during the life of the relevant patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a product described as an Inflatable Spiky Ball, the Inflatable Spiky Ball infringing the '341 Design Patent and the trademark having registration number 3,263,359.

45. Upon information and belief, during the life of the relevant patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Squeeze Foam Ball having a Dollar Tree Inventory No. 953991 94 and a UPC code of 39277 53991 5, the Squeeze Foam Ball infringing the '946 Patent.

46. Upon information and belief, during the life of the relevant patent, Dollar Tree has imported, made, offered to sell or sold to consumers, a product known as a Yucky Skull Bead Ball having a Dollar Tree Inventory No. 986741 96 and a UPC code of 6 39277 86741 4, the Yucky Skull Bead Ball infringing the '946 Patent.

### X. FIRST CAUSE OF ACTION—COPYRIGHT INFRINGEMENT

47. Defendants have willfully committed copyright infringement under 17 U.S.C. § 501 et seq., directly, by inducement, or by way of contributory liability, by knowingly aiding, causing, or committing, the unauthorized practice or execution of one or more exclusive rights owned by Play Visions as those rights are set forth in 17 U.S.C. § 106, said exclusive rights having been perfected by U.S. Copyright Registration No. VAu 958-361, entitled "Elastomeric Centipede."

48. Defendants have willfully committed patent infringement under 35 U.S.C. § 101 et seq., directly, by knowingly aiding, causing, or committing, the unauthorized practice or execution of one or more exclusive rights owned by Play Visions as those rights are set forth in 35 U.S.C. § 271(a), said exclusive rights having been perfected by the award of one or more of:

- United States Patent No. 5,848,946 (the "'946 Patent"), entitled "Filled, Deformable Bladder Amusement Device With Infinitely Changeable Pliability And Tactility Characteristics,"

COMPLAINT - 11
PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

- United States Patent No. 7,165,869 (the "'869 Patent"), entitled "Internally Illuminated Elastomeric Novelty Device With External Projections," and
- United States Patent No. 7,223,150 (the "'150 Patent"), entitled "Illuminated Elastomeric Flying Disc And Its Method Of Manufacture."

49. Dollar Tree was placed on notice of Play Visions' patent rights, by letter dated August 19, 2008, receipt of which John L. Deal, Corporate Counsel for Dollar Tree acknowledged in a letter dated August 22, 2008. On information and belief, Dollar Tree continued to sell the accused products thereafter. Play Visions is entitled to and therefore demands damages, costs and attorney's fees as allowable under 35 U.S.C. §§ 284, 285 and 289, including a trebling of any award.

50. This is an exceptional case for purposes of awarding monetary damages, costs and attorney's fees.

### XI.  SECOND CAUSE OF ACTION—DESIGN PATENT INFRINGEMENT

51. Defendants have willfully committed patent infringement under 35 U.S.C. § 101 et seq., directly, by knowingly aiding, causing, or committing, the unauthorized practice or execution of one or more exclusive rights owned by Play Visions as those rights are set forth in 35 U.S.C. § 271(a), said exclusive rights having been perfected by the award of one or more of:

- United States Patent No. D 535,341 (the "'341 Design Patent"), entitled "Elastomeric tentacle ball,"
- United States Patent No. D 551,307 (the "'307 Design Patent"), entitled "Elastomeric novelty ball with protrusions," and
- United States Patent No. D 563,493 (the "'493 Design Patent"), entitled "Elastomeric ball having protrusions of stacked spheres."

52. Dollar Tree was placed on notice of Play Visions' patent rights, by letter dated August 19, 2008, receipt of which John L. Deal, Corporate Counsel for Dollar Tree acknowledged in a letter dated August 22, 2008. On information and belief, Dollar Tree

COMPLAINT - 12
PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

continued to sell the accused products thereafter. Play Visions is entitled to and therefore demands damages, costs and attorney's fees as allowable under 35 U.S.C. §§ 284, 285 and 289, including a trebling of any award.

53. This is an exceptional case for purposes of awarding monetary damages, costs and attorney's fees.

### XII. THIRD CAUSE OF ACTION—UNFAIR COMPETITION IN WASHINGTON STATE

54. On information and belief, Defendant Dollar Tree offered to sell products substantially identical in appearance to at least the following configurations:

- Play Visions' "Elastomeric Centipede" sculpture,
- Play Visions' "ornamental design for an elastomeric tentacle ball,"
- Play Visions' "ornamental design for an elastomeric novelty ball with protrusions,"
- Play Visions' "ornamental design for an elastomeric ball having protrusions of stacked spheres."

55. The above described acts of Defendant Dollar Tree, constitute an unfair or deceptive act or practice and an unfair method of competition in the conduct of trade or commerce in violation of R.C.W. 19.86.020 et seq. which thereby injured Play Visions in its business and property.

56. Defendant Dollar Tree's aforesaid acts have been knowing, willful and without Plaintiff's permission and have been intended to trade on Play Visions' goodwill in the State of Washington.

### XIII. FOURTH CAUSE OF ACTION—FEDERAL UNFAIR COMPETITION

57. Defendant Dollar Tree's aforesaid products mimic the well-known products of Play Visions lending to the mind of the public a false designation of origin, which is likely to confuse the public into believing that there is an affiliation, connection or association between

COMPLAINT - 13
PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

the source of the Defendant Dollar Tree's aforesaid product, and the source of Play Visions' products.

58. Play Visions is likely to be damaged by such confusion as to affiliation, connection or association of the type described. Dollar Tree's aforesaid products are of an inferior quality to the well-known products of Play Visions.

59. The Defendant Dollar Tree's aforesaid acts have been knowing, willful and without Play Visions' prior knowledge or consent and are therefore a violation of the Plaintiff's rights under 15 U.S.C. § 1125(a) [§ 43(a) of the Lanham Act].

### XIV. SIXTH CAUSE OF ACTION—UNLAWFUL IMPORTATION

60. The Defendant Dollar Tree has imported products that mimic the well-known products of Play Visions lending to the mind of the public a false designation of origin, which is likely to confuse the public into believing that there is an affiliation, connection or association between the source of the Defendant Dollar Tree's aforesaid product, and the source of Play Visions' products.

61. Play Visions is likely to be damaged by such confusion as to affiliation, connection or association of the type described. Dollar Tree's aforesaid products are of an inferior quality to the well-known products of Play Visions.

62. The Defendant Dollar Tree's aforesaid acts have been knowing, willful and without Play Visions' prior knowledge or consent and are therefore a violation of the Plaintiff's rights under 15 U.S.C. § 1124 [§ 42 of the Lanham Act].

### XV. SEVENTH CAUSE OF ACTION—FEDERAL TRADEMARK INFRINGEMENT

63. Upon information and belief, Dollar Tree provided registered product configurations to others not in privity with Play Visions so as to confuse the relevant purchasing public as to the source, sponsorship, or affiliation of Play Visions products and offered for sale and sold the configuration in commerce regulated by Congress.

COMPLAINT - 14

PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

64. Dollar Tree's actions in providing offering for sale and selling the registered product configuration were without the prior knowledge, permission, or consent of Play Visions and there violate Play Visions' exclusive rights under 15 U.S.C. § 1115.

65. In accord with 15 U.S.C. §§ 1116 and 1117, Play Visions is entitled to an injunction against further infringement and an award for actual damages it has suffered and all profits, gains, and advantages derived by Dollar Tree as a result of infringement of Play Visions' rights under the registered trademarks.

## XVI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Play Visions prays for the following relief:

A. An order entering judgment in favor of Play Visions and awarding damages to Play Visions in the amount of Play Visions' actual damages and any profits of the Defendant Dollar Tree attributable to the infringing acts alleged herein, consistent with 17 U.S.C. §§ 504(a)(1) and (b).

B. An order finding that Dollar Tree has infringed Play Visions' copyright and entering judgment in favor of Play Visions and enjoining any further acts of infringement of the copyrights in the Play Visions' "Elastomeric Centipede" sculpture, and further ordering the destruction of all articles used (such as molds or data models) in the acts of infringement, consistent with remedies available under 17 U.S.C. § 503;

C. An order preliminarily and permanently enjoining and restraining Defendant Dollar Tree, its respective agents, servants, employees, attorneys, and all other persons in active concert or in participation with the Defendant, from importing, making, using, selling or offering to sell any product which infringes any claim of the asserted patents, awarding damages, together with interest, to compensate Plaintiff for the past infringement by the Defendant of the asserted patents, and that such award be trebled, and for an award to Plaintiff of all of its costs and reasonable attorney's fees with respect thereto in accordance with 35 U.S.C. §§ 284 and 285, and

COMPLAINT - 15

PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

for all of the profits made by the Defendant as a result of its infringing activity in accordance with 35 U.S.C. § 289;

D.  An order finding that the Defendant Dollar Tree has violated the Washington State Consumer Protection Act, R.C.W. 19.86.020 et seq. and an award of damages, together with interest, to compensate the Plaintiff for the Defendant's past acts of unfair competition and misidentification of origin, and that such an award be trebled, and for an award to Plaintiff of all of its costs and attorney's fees with respect thereto in accordance with R.C.W. 19.86.090;

E.  An order finding that the Defendant Dollar Tree has violated § 43(a) of the Lanham Act and preliminarily and permanently enjoining and restraining the Defendant, its respective agents, servants, employees, attorneys and all other persons in active concert or in participation with the Defendant from making any false designation of origin which is likely to confuse the public, or cause mistake, or to deceive the public as to believing that there is an affiliation, connection or association or the Defendant with the Plaintiff by virtue of a similarity between the Defendant's products and the Plaintiff's impulse or novelty toys and awarding damages in accordance with 15 U.S.C. § 1117(a) including all of the Defendant's profits, damages sustained by the Plaintiff, and the costs of the action including a trebling of such damages and that the court determine that this is an exceptional case and award the Plaintiff its reasonable attorney's fees, and an order pursuant to 15 U.S.C. § 1116 requiring the Defendant to produce all toys made or used in violation of Plaintiffs ornamental design, and of all molds or other articles by means of which such toys may be reproduced for destruction and file and serve a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction;

F.  An order finding that the Defendant Dollar Tree has violated exclusive trademarks and preliminarily and permanently enjoining and restraining the Defendant, its respective agents, servants, employees, attorneys and all other persons in active concert or in participation with the Defendant from violating Play Visions' registered trademarks which is

COMPLAINT - 16

PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

likely to confuse the public, or cause mistake, or to deceive the public as to believing that there is an affiliation, connection or association or the Defendant with the Plaintiff by virtue of a similarity between the Defendant's products and the Plaintiff's impulse or novelty toys and awarding damages in accordance with 15 U.S.C. § 1117(a) including all of the Defendant's profits, damages sustained by the Plaintiff, and the costs of the action including a trebling of such damages and that the court determine that this is an exceptional case and award the Plaintiff its reasonable attorney's fees, and an order pursuant to 15 U.S.C. § 1116 requiring the Defendant to produce all toys made or used in violation of Plaintiff's exclusive trademark, and of all molds or otherarticles by means of which such toys may be reproduced for destruction and file and serve a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction;

G.   For other and further relief as is provided by law and that this court deems just and equitable.

## XVII. JURY DEMAND

Plaintiff Play Visions demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED this 11th day of December, 2009.

BLACK LOWE & GRAHAM<sup>PLLC</sup>

*signature*

Mark L. Lorbiecki, WSBA No. 16,796
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301
Email: lorbiecki@blacklaw.com

*Attorneys for Play Visions, Inc.*

COMPLAINT - 17
PLVN-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301